IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID J. HAWORTH,

        Petitioner,        Civil No. 08-846-AA

        v.                  ORDER

JEAN HILL,

        Defendant.

AIKEN, District Judge.

    Petitioner pleaded guilty to Burglary in the First Degree and Sexual Abuse in the First Degree and was sentenced to a total of 75 months imprisonment. Respondent's Exhibit #101.

    Petitioner did not directly appeal of his convictions.

    Petitioner filed a petition or post-conviction relief (Exhibit #105) but the court denied relief, the Oregon Court of Appeals affirmed without opinion (Exhibits 116-117), and the Oregon Supreme Court denied review (Exhibits 118-122).

    Petitioner filed a petition under 28 U.S.C. § 2254

1 - ORDER

alleging 15 grounds for relief. Respondent filed an Answer (#10) and Response (#9) moving to deny petitioner petition and to dismiss this proceeding. Petition did not file a reply or brief in support of his petition and on April 27, 2009, petitioner was allowed 30 days to file a brief or to show cause in writing why respondent's motion to deny relief should not be allowed. Order to Show cause (#13). Petitioner has not responded to the court's order to show cause.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan

v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective

3 - ORDER

manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

Accordingly, a federal claim is "fairly presented to the state courts only if it was (1) properly presented to the state's supreme court, (2) as a federal question, (3) in the appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and

4 - ORDER

'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000). Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a

5 - ORDER

"constitutional violation [that] probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

Petitioner did not file a direct appeal. In his petition for post conviction relief, petitioner raised six of the claims raised in this proceeding (Grounds Two, Three, Four, Seven, Ten and Twelve).

Petitioner appealed the PCR court decision denying his claims. In that appeal he raised two grounds for relief that are included in the petition before the court - Grounds Seven and Twelve. Petitioner also raised Grounds Seven and Twelve on in his petition for review to the Oregon Supreme Court. Accordingly, petitioner exhausted state remedies with respect to Grounds Seven and Twelve. o

All of petitioner's other Grounds for relief - Grounds One through Six, Grounds Eight through Eleven, and Grounds Thirteen through Fifteen are procedurally defaulted. Petitioner has not established any cause and prejudice for his failure to exhaust and he is therefore barred from raising the unexhausted (procedurally defaulted) claims in federal court.

As noted above, petitioner raised Ground Seven (counsel was ineffective for failing to investigate) and Ground Twelve (counsel was ineffective for failing to argue that petitioner's Ballot Measure 11 mandatory minimum sentence is

6 - ORDER

unconstitutional) in his post-conviction proceeding. The PCR court rejected these claims making specific factual findings as to each claim. See, Respondent's Exhibit 117.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) circumscribes a federal habeas review of a state court decision. See, Williams v. Taylor, 529 U.S. 362, 404 (2000). In passing the AEDPA, Congress intended to change the habeas corpus field by curbing delays, preventing "retrials" on federal habeas corpus review, and giving effect to state convictions to the extent permissible under the law. Id.

Thus, "a determination of a factual issue made by a state court is presumed correct "unless the petitioner rebuts "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); See also, Miller-el v. Cockrell, 537 U.S. 322, 340 (2003). In addition, habeas relief may not be granted on any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In addressing the deference requirements set forth in 28

7 - ORDER

U.S.C. § 2244(d), the court in Williams v Taylor noted that the "contrary to" and "unreasonable application" clauses of the AEDPA have independent meanings. Williams v Taylor, supra at 404.

In Lockyer v. Andrade, 538 U.S. 63 (2003) the Supreme Court held that "a state court decision is 'contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially distinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.'" Andrade, 538 U.S. at 73. (citations omitted).

The Court further held that "under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous. The state court's application of the clearly established law must be objectively unreasonable." Andrade, 538 U.S. at 75.

The Andrade court further clarified that under 28 U.S.C. § 2254(d) a state court's decision is not necessarily "objectively unreasonable" even if it is "clear error." "It

8 - ORDER

is not enough that a federal habeas court, in its independent review of the legal question' is left with a 'firm conviction' that the state court was erroneous.  We have held precisely the opposite: Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must be objectively unreasonable." Andrade, 538 U.S. at 75-76.

Thus, even incorrect state-court decisions must be given deference, unless they are "contrary to" or "objectively unreasonable" applications of a Supreme Court holding.  This is true even if the state courts do not fully articulate their reasoning. Delgado v. Lewis, 223 F.3d 976. 982 (9th Cir. 2000) ["federal court review is not de novo when the state court does not supply reasoning for its decision, but an independent review of the record is required to determine whether the state court clearly erred in its application of the controlling federal law."].

Thus, the AEDPA sets forth a "highly deferential standard for evaluating state court rulings," which requires that state-court decisions be given the benefit of the doubt. Woodford v. Visciotti, 537 U.S. 19 (2003) (per curiam)

(quoting <u>Lindh v. Murphy</u>, 521 U.S. 320, 333 n.7 (1997).

The standard for ineffective assistance of counsel is set out in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). Under <u>Strickland</u>, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. <u>Id</u>. at 687.

The first prong of the <u>Strickland</u> test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. <u>Strickland</u>, <u>supra</u> at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id</u>., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." <u>Id</u>. The inquiry under <u>Strickland</u> is highly deferential: "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Bell v. Cone</u>, 535 U.S. 685, 698 (2002) (quoting <u>Strickland</u>, 466 U.S. at 689).

10 - ORDER

The Supreme Court has held that "[i]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland.

In Ground Seven petitioner alleges that trial counsel was ineffective for failing to investigate because the 86-year old victim allegedly made inconsistent statements.

The PCR court considered this claim and found that the relevant inquiry in evaluating adequacy of counsel in cases involving a negotiated stipulated plea agreement is whether trial counsel adequately assisted the petitioner in making an informed decision to accept the plea. Respondent's Exhibit 117, p. 3.

The court found that pleas and sentencing hearing transcript and trial counsel's affidavit demonstrated that "Petitioner was adequately assisted in making an informed choice in accepting the stipulated plea agreement." The court further found: "Considering the victim's advanced age and dementia, the discrepancies in her statements would not have assisted petitioner, but probably would have been to

11 - ORDER

Petitioner's detriment in any trial to the court or by jury [on] how he took advantage of her. ... In any event, no evidence, that was not previously known, which would have been helpful to Petitioner has been produced by Petitioner." Id.

The PCR court's factual findings are presumed to be correct absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). Petitioner has not offered any clear and convincing evidence to dispute the PRC court's finding that evidence of discrepancies in the victim's statements would not have assisted petitioner and "probably would have been to Petitioner's detriment" at trial.

The fact that an 86 year old woman who had experienced several strokes and suffered dementia provided somewhat inconsistent statements regarding the events would likely have increased the chances that a jury would have concluded that she had a reduced ability to consent. In view of the undisputed facts in evidence, the fact that the victim's statements contained minor inconsistencies, or that she subsequently forgave him, does not alter the extreme likelihood that a jury would have found him guilty.

The prejudice prong of Strickland is satisfied only if a petitioner can prove that, but for counsel's alleged errors, there is a reasonable probability that he would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

12 - ORDER

Petitioner has not come close to meeting this requirement. The record before the court indicates that petitioner's counsel negotiated a very favorable sentence.[1] Petitioner has not offered any evidence that would establish that if counsel had "investigated" the victim's statements, petitioner would not have pled guilty.

In Ground Twelve petitioner alleges that trial counsel was ineffective for failing to object to his sentence because Measure 11, the mandatory minimum sentence statute, is unconstitutional.

The post conviction court rejected this claim finding: "Ballot Measure 11 sentences have been ruled by the appellate courts to be legal and constitutional." Respondent's Exhibit 117, p. 2.

The PCR court decision is entitled to deference by this court because it is not contrary to, or an unreasonable application of Strickland. The Ninth Circuit has concluded that Measure 11 does not violate the Due Process Clause or the Eighth Amendment right to be free from cruel and unusual punishment under clearly established Supreme Court case law. Alvarado v. Hill, 252 F.3d 1066, 1069-70 (9th Cir. 2001). Petitioner's counsel was not constitutionally deficient for

---

[1] The sentencing judge stated that "I probably would have sentenced you to a much longer term if you'd gone to trial and been convicted." Respondent's Exhibit #104 p. 9

13 - ORDER

failing to make a losing objection and petitioner was not prejudiced by his failure to do so.

In summary, I find that all of petitioner's claims in this proceeding except Grounds Seven and Twelve were procedurally defaulted. Petitioner has not established any cause and prejudice for his failure to exhaust those claims and this court is procedurally barred from reviewing those claims. Grounds Seven and Twelve were denied by state court decisions and the state court decisions are entitled to deference by this court. In addition, I find that the state court decisions are supported by the record and are correct.

Petitioner's Petition (#1) is denied. This proceeding is dismissed.

DATED this __18__ day of June, 2009.

                                                /s/ Ann Aiken
                                                Ann Aiken
                                                United State District

14 - ORDER